IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE MARIE FILLBRANDT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2076 |
| | : | |
| MICHAEL J. ASTRUE | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                 September 30, 2009

  Christine Fillbrandt claims she suffers from a disabling mental impairment entitling her to Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  Fillbrandt seeks review of the Social Security Administration's denial of DIB and SSI, and argues the Administrative Law Judge (ALJ) improperly discredited the opinion of her treating nurse practitioner.  The Court has jurisdiction over Fillbrandt's appeal pursuant to 42 U.S.C. § 405(g). The ALJ's denial of benefits is supported by substantial evidence.  Accordingly, the Court adopts the Report and Recommendation of U.S. Magistrate Judge L. Felipe Restrepo.

**FACTS**

  Christine Fillbrandt is a 31-year-old woman with an 11th grade education.  Before the onset of her alleged disability, her primary prior work experience was as a cashier.  On February 3, 2005, Fillbrandt filed an application for disability insurance benefits.  Fillbrandt alleged she became disabled on April 17, 2004, and could not work due to anxiety, panic attacks, bipolar disorder, a work accident, and depression.  After filing her claim, Fillbrandt was examined by Michelle Coates of the North Carolina Department of Health and Human Services Disability

1

Determination Services.[1]  Coates determined Fillbrandt had mild depression and anxiety, but Coates concluded these mental disorders would not hinder Fillbrandt in a workplace setting or interfere with her ability to maintain employment.  Dr. Eleanor Cruise also evaluated Fillbrandt and completed a Mental Residual Functional Capacity Assessment.  The Assessment requires an evaluator to grade a patient based on her ability to sustain mental activities associated with working. An assessor can grade a patient as either "not significantly limited, moderately limited, or markedly limited."  Dr. Cruise concluded Fillbrandt was not significantly limited in 12 out of 20 work-related mental activities and moderately limited in the remaining eight areas.  Dr. Cruise determined Fillbrandt had some limitations on her ability to work as a result of depression and anxiety, but those limitations were not wholly work preclusive.

Fillbrandt's initial claim for DIB and SSI was denied on June 9, 2005 , and she applied for a hearing.  Her hearing was held January 11, 2007.  From March 2006 until January 2007, Fillbrandt sought treatment at Lehigh Valley Hospital's Mental Health Clinic and was treated by nurse practitioner Cynthia Himpler.  From April 26, 2006, until November 3, 2006, Himpler saw Fillbrandt 13 times.[2]  In each of these notes of treatment, Himpler described Fillbrandt's mood as either mildly or moderately anxious and depressed.  Additionally, in seven of the twelve session notes, Himpler described Fillbrandt's interview behavior as "within normal limits."[3]   On November 7, 2006, Himpler completed a Medical Opinion form evaluating Fillbrandt's mental ability to do work-related activities.  This evaluation required Himpler to assess Fillbrandt's

---

[1] Fillbrandt resided in North Carolina when she filed this application.

[2] Himpler met with Fillbrandt on April 26 and 28, May 22 and 26, June 19 and 23, July 3, 7, 13, and 26, August 24, October 18, and November 3, 2006.

[3] In the remaining five notes of treatment, Himpler made no observations regarding Fillbrandt's interview behavior.

mental aptitudes in 25 areas and grade Fillbrandt's ability on five-point scale. At the high end of the scale was "unlimited or very good," ability, followed by "limited but satisfactory" ability. If a patient's mental aptitude was so limited as to be unsatisfactory, Himpler was required to categorize the limitation as either "seriously limited, but not precluded," "unable to meet competitive standards," or "no useful ability to function." Himpler reported Fillbrandt had the most severe of these assessments, "no useful ability to function," in 23 out of 25 areas and was "unable to meet competitive standards" in the remaining two areas. The areas Himpler found Fillbrandt had no useful ability to function included understanding and remembering very short and simple instructions, carrying out very short and simple instructions, maintaining socially appropriate behavior, and adhering to basic standards of neatness and cleanliness.

Himpler's notes of treatment from these sessions, as well as Himpler's Medical Opinion regarding Fillbrandt's ability to do work-related mental activities were before the ALJ at Fillbrandt's January 11, 2007 hearing. After the hearing, the ALJ concluded Fillbrandt was not disabled within the meaning of the Social Security Act, and was therefore not entitled to federal disability benefits. On January 23, 2008, the Appeals Council denied Fillbrandt's request for review and upheld the ALJ's decision. Fillbrandt filed this action seeking review of the administrative decision. Fillbrandt's complaint was referred to United States Magistrate Judge L. Felipe Restrepo for a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(1)(d)(10)(J). In his Report and Recommendation, Judge Restrepo determined the ALJ's decision was supported by substantial evidence and recommended this Court affirm the ALJ's decision. Fillbrandt timely filed objections to the report and recommendation.

**DISCUSSION**

This Court conducts de novo review over the portions of the Report and Recommendation to which objections have been filed. 28 U.S.C. §636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). Objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). General or blanket objections which do not comply with Rule 72(b) need not be addressed by the district court. *Palmer v. Apfel*, 995 F. Supp. 549, 552 n. 4 (E.D. Pa. 1998). During de novo review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 29 U.S.C. § 636(b)(1); *Brophy v. Halter*, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

In de novo review, this Court is bound by the ALJ's factual findings if those findings are supported by substantial evidence in the record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "relevant evidence [which] a reasonable mind might accept as adequate to support a conclusion,"*Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003), and consists of "more than a mere scintilla," but "less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971). Where an agency's factual findings are supported by substantial evidence, "reviewing courts lack power to reverse either those findings or the reasonable regulatory interpretations that an agency manifests in the course of making such findings of fact." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986). This Court's review of the Commissioner's final decision defers to the ALJ's assessment of facts "even [where] this court acting de novo might have reached a different conclusion." *Id.* The Court's role "is not to impose its own interpretation of the . . . regulation, but instead to defer to [an agency's] position so long as it is reasonable." *Id*. (quoting *Butler County Mem'l Hosp. v. Heckler*, 780 F.2d 352, 355 (3d Cir. 1985).

4

In Fillbrandt's appeal of the ALJ's decision and her objections to the Report and Recommendation, she argues the ALJ improperly rejected the opinion of Himpler, her treating nurse. The Third Circuit acknowledges "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. §404.1528(d)(2)). The weight given to these opinions, however, depends upon the extent to which the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2). A treating physician's assertion a claimant is "disabled" or "unable to work" is not dispositive of such issue. *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994). Where physicians offer medical opinions of total disability, the ALJ "must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." *Id.* at 48. The ALJ may reject a physician's statement of disability if there is a lack of data supporting it. *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985) (holding the ALJ was justified in rejecting a treating physician's unsupported medical conclusions). When a conflict exists between the opinions of a treating physician and a non-treating/non-examining physician, the ALJ can credit either but "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993) (quoting *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981).

As a threshold matter, on appeal to the Court, Fillbrandt conceded that, as a nurse practitioner, Himpler is not qualified as an "acceptable medical source" under 20 C.F.R. §§ 404.1513(a), 416.913(a). Rather, nurse practitioners are listed under "other sources." 20 C.F.R. § 404.1513(d). Social Security Ruling 06-03P advises a claimant's eligibility for benefits cannot solely rest upon the opinion of an "other source":

5

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment and how it affects the individual's ability to function.

SSR 06-03P, 2006 WL 2329939, at *2 (S.S.A. August 9, 2006). A hearing examiner can consider the opinion of a source who is not an "acceptable medical source" along with all other evidence a claimant may present insofar as it is deemed relevant to assessing a claimant's disability. *Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999).

Despite Himpler's categorization as an "other source" under the regulations, Fillbrandt urges this Court to give controlling weight to Himpler's treatment notes and diagnosis because of Himpler's opportunity to observe Fillbrandt over eight months and in thirteen treatment sessions. The ALJ is responsible for determining whether to give Himpler's opinion controlling weight. The ALJ determined Himpler's diagnosis was not credible; not because she was not an acceptable medical source within the meaning of the statute, but because of internal inconsistencies between Himpler's diagnosis and her records of treatment, and because of inconsistencies between Himpler's report and the reports submitted by State Agency psychological consultant Coates and medical consultant Dr. Cruise.

Fillbrandt argues the ALJ did not consider all relevant evidence in the record when discrediting Himpler's opinion. This Court disagrees. The ALJ thoroughly considered Himpler's observations and treatment of Fillbrandt, and it was the ALJ's comparison of Fillbrandt's treatment notes and Himpler's ultimate medical opinion, in which the ALJ identified inconsistencies, which caused her to discredit Himpler's conclusion Fillbrandt was incapable of working. The ALJ found these inconsistencies undermined Himpler's report, especially where

Himpler reported Fillbrandt had "no useful ability to function" in almost every area of mental ability. The ALJ found the "extreme limitations" mentioned in this report did not comport with Fillbrandt's records of treatment, where such severe personal limitations were not mentioned.

The ALJ explained these inconsistencies caused her to disregard evidence submitted by Himpler. The regulations direct an ALJ to give more weight to an opinion when that opinion is consistent with the record as a whole. 20 C.F.R. § 416.927(d)(4). Accordingly, where an opinion is inconsistent with the record, it is reasonable for the ALJ to give less weight to the opinion. In this case, the ALJ found Himpler's opinion was not only internally inconsistent, but was also incongruous with other medical findings in the record. Both Coates, the psychological consultant, and Dr. Cruise, the medical consultant, reached different conclusions from Himpler. Coates and Dr. Cruise both found Fillbrandt suffered from symptoms of mild anxiety and mild depression that were not work preclusive. The ALJ appropriately explained her reasons for rejecting the opinions of the treating nurse in light of its inconsistency with treatment notes and incongruity with the other two reports.

The ALJ's evaluation of Himpler's treatment notes and diagnosis is a credibility determination. The strength and weight of evidence is a determination left to the discretion of the ALJ. *Monsour*, 806 F.2d at 1190. It is not within this court's scope of review to re-weigh evidence considered by the ALJ or to substitute this court's judgment for that of the Commissioner. *McCrea v. Comm'r of Soc. Sec. Admin.*, 370 F.3d 357, 362 (3d Cir 2004). "Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence." *Cotter*, 642 F.2d at 704.

The ALJ's decision to accord less weight to Himpler's testimony was supported by substantial evidence. Where the record contains conflicting evidence, the ALJ must indicate

7

which evidence was accepted, which was rejected, and the reasons for rejecting the evidence. *Id.* at 706-07. As required, the ALJ provided "not only an expression of the evidence [she] considered which supports the result, but also some indication of the evidence which was rejected." *Williams*, 98 F. Supp. 2d at 631. The ALJ set forth her reasoning for discounting Himpler's conclusions in compliance with the regulations. The ALJ is not expected to "make reference to every relevant treatment note in a case," but must list the evidence upon which she relied. *Fargnoli*, 247 F.3d at 43. The ALJ evaluated and explained the evidence and opinions she considered and conducted the appropriate work capacity determination. Accordingly, this Court holds the ALJ's findings, viewed in light of the record as a whole, are supported by substantial evidence

For the foregoing reasons, the Court adopts and approves the Report and Recommendation of Magistrate Judge L. Felipe Restrepo.

An appropriate order follows.